NO. 7794.    STATE OF LOUISIANA

MORGANS LA & TEX R. R. & S. S. CO.    COURT OF APPEAL

VS

SOUTHPORT MILL, LIMITED.    PARISH OF ORLEANS.

------------------------------

**7794**

St. Paul, Judge.

This is a claim for demurrage upon sundry carload lots of cotton seed cake not removed within 24 hours after notice of arrival. The defense is that the alleged notice of arrival was but a _preliminary_ notice intended only to advise plaintiff (in effect) that the cars were about to arrive, to the end that defendant might furnish the correct weights from its invoices, and was to be followed by a _final_ notice when the shipments had actually arrived; all as per special agreement between the parties.

This is of course in the nature of a special defense, and hence the burden of establishing it# rests on defendant. To do this it has produced only one witness, who can not say with whom he made the agreement; whilst the testimony on behalf of plaintiff is that there was no one in its employ who was authorized to make such an agreement.

There was indeed an agreement by which d fendant's invoice weights were to be accepted as the correct weights, and the freight bill to be made out accordingly; but the testimony for defendant is that the alleged preliminary notice was intended for just what it purported to be, that it issued only when shipments had actually arrived, and that the freight bill could have been made up from the weights given in the way-bill, which it had. And finally, defendant admits that

the shipment would have been delivered without payment of the freight bill.

On the whole we think the testimony insufficient to establish the special agreement relied upon, and believe that defendant has simply misunderstood the purport of the agreement about accepting its invoice weights as correct. And this is all the mpre likely because under the interstate commerce law plaintiff was obliged to give notice within 24 hours after arrival of the shipment; and although the manner of notice was subject to agreement between the parties, the law itself fixed the time within which the notice must be given, and evidently did not contemplate any deviation therefrom by particular agreements. For the whole purpose of the act is to put all shippers on the same footing, which would not be the case were one shipper to receive only one notice and another be entitled to a second one issued at leisure.

The judgment appealed from is therefore reversed and it is now ordered that plaintiff have judgment against defendant for $261. with legal interest from judicial demand and costs of both courts/

New Orleans La, April 19th, 1920